## UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DAREN KITCHEN**                                        **CIVIL ACTION**

**VERSUS**                                                      **NO. 14-349**

**BRENT CHIASSON, ET AL.**                          **SECTION:  "A"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Daren Kitchen, a state inmate, filed this *pro se* and *in forma pauperis* federal civil rights complaint against Brent Chiasson, Monica Mocomber, Sheriff Craig Webre, and Sergeant Rick Lorenson.  In order to better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on March 12, 2014.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  Based on plaintiff's complaint and his testimony at the Spears hearing, the Court finds that plaintiff is making the following allegations in this lawsuit.

On May 8, 2012, Brent Chiasson arrested plaintiff for violating a protective order.  At a court appearance later that month, the judge found that plaintiff had never been served with the protective

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

order, and the judge then had plaintiff served on May 24, 2012.  Then, on July 5, 2012, Monica Mocomber also arrested plaintiff for violating a protective order.  Sometime in August of 2012, he was arraigned on the charge resulting from that second arrest.  Plaintiff has pleaded not guilty to the charges against him, and the charges remain pending at this time.

Plaintiff next complains that Chiasson and Mocomber failed to also arrest Kenneth Gravois, who had similarly violated the protective order.  When plaintiff filed a complaint with Internal Affairs regarding the failure to arrest Gravois, Sergeant Rick Lorenson determined that complaint to be unfounded.

Lastly, plaintiff testified at the Spears hearing that Sheriff Craig Webre was not personally involved in any of these incidents.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[2]  Regarding such lawsuits, federal law further requires:

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

---

[2]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

2

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327

(1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not

"plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The

United States Supreme Court has explained:

3

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, this matter be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claims

### A.  Sheriff Craig Webre

As an initial matter, the Court notes that plaintiff named Sheriff Craig Webre as a defendant in this lawsuit.  However, plaintiff has failed to state a proper claim against Webre in either his official capacity or his individual capacity.

As to any official-capacity claims, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an official-capacity claim against Webre would in reality be a claim against the local governmental body itself.  Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon

---

[3] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010).  However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his rights were violated as a result of a policy or custom, much less identify such a policy or custom.  For that reason, it is clear that he has failed to state a proper claim against Webre in his official capacity.

Plaintiff likewise has not stated a proper claim against Webre in his individual capacity.  "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Moreover, "[p]ersonal involvement is an essential

element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the complaint, plaintiff made no factual allegations whatsoever concerning Webre, and plaintiff testified at the Spears hearing that Webre was not personally involved in the events which gave rise to the claims in this lawsuit.  Therefore, clearly, no proper individual-capacity claim has been asserted against Webre.  Although Webre is a supervisory official, it is beyond cavil that he may not be held liable pursuant to § 1983 under any theory of strict liability[4] or vicarious liability[5] for federal civil rights violations allegedly committed by his subordinates.

For all of these reasons, the claims against Sheriff Webre should be dismissed.

### B.  Brent Chiasson and Monica Mocomber

Plaintiff also sued Brent Chiasson and Monica Mocomber, claiming that they falsely arrested him in 2012.  However, for the following reasons, those claims challenging his arrest are prescribed.

The law is clear:  in order to be timely, plaintiff's federal civil rights claims had to be brought with one year of the date the claims accrued.  Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279,

---

[4] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[5] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. Plaintiff's claims challenging his arrests accrued in 2012, when he was arrested, brought to court, and became detained pursuant to legal process. See Wallace v. Kato, 549 U.S. 384 (2007); Quatrevingt v. Thibodeaux, Civ. Action No. 10-4047, 2011 WL 2182104, at *4 (E.D. La. May 2, 2011), adopted, 2011 WL 2182069 (E.D. La. June 2, 2011); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009). Because plaintiff's federal complaint was not filed until 2014,[6] well over a year after the claims accrued, the claims prescribed before the instant lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

Plaintiff next claims that Chiasson and Mocomber should also have arrested Kenneth Gravois in 2012 for violating the protective order. However, even if those claims had been timely brought, which they were not, they would still be subject to dismissal as frivolous and/or for failing to state a claim on which relief may be granted. Simply put: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and cannot assert such a claim in a § 1983 action. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Descamps v. Van De Veer, 31 Fed. App'x 435, 436 (9th Cir. 2002); McKee v. City of Rockwall, 877 F.2d 409, 414 (5th Cir. 1989); Bio-Rep, Inc. v. Johnson, No. 93-0176, 1994 WL 424338, at *2-3 (E.D. La. Aug. 4, 1994).

---

[6] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, February 10, 2014.

For all of these reasons, plaintiff's claims against Brent Chiasson and Monica Mocomber should be dismissed.

## C.  Sergeant Rick Lorenson

Lastly, plaintiff sued Sergeant Rick Lorenson, the Internal Affairs officer who found plaintiff's complaint concerning the failure to arrest Gravois to be unfounded.  However, plaintiff had no federal constitutional right to have his Internal Affairs complaint resolved to his satisfaction or, as already explained, to have Gravois arrested.  Therefore, even if plaintiff could prove that Lorenson's investigation was less than thorough or that his ultimate determination was erroneous, that in and of itself could not serve as a basis for holding Lorenson liable in this federal civil rights action.  Accordingly, the claim against Lorenson should also be dismissed.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this fourth day of April, 2014.


DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[7] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.